1 **ZANDRA L. LOPEZ**
California Bar No. 216567
2 427 C Street, suite 300
San Diego, Ca. 92101
3 619.233.3169, ext. 17
fax: 619.684.3522
4 zll@zandralopezlaw.com

5

Attorney for **Mr. Jesus Garcia-Santiago**
6

7

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10            (**HONORABLE THOMAS J. WHELAN**)

11

12 UNITED STATES OF AMERICA,        )   CASE NO.  07CR3275-TJW
                                    )
13        Plaintiff,                )   DATE:        February 4, 2008
                                    )   TIME:        2:00 p.m.
14 v.                               )
                                    )   STATEMENT OF FACTS AND
15 JESUS GARCIA-SANTIAGO,           )   MEMORANDUM OF POINTS AND
                                    )   AUTHORITIES IN SUPPORT OF
16        Defendant.                )   DEFENDANT'S MOTIONS
                                    )
17                                  )
                                    )
18                                  )
                                    )
19 _____   )   _____

20

21                      **I.**

22            **STATEMENT OF FACTS**[1]

23     On November 7, 2007, agents arrested Mr. Garcia-Santiago on suspicion of illegal

24 reentry.

25     On December 5, 2007, the government secured a one count indictment against

26

27

   [1]Facts referred to in this memorandum are based on information provided by the government.
28 Mr. Garcia-Santiago does not admit their accuracy and reserves the right to challenge them.

1  Mr. Garcia-Santiago.  In this one-count indictment, the government has charged

2  Mr. Garcia-Santiago with attempted entry after deportation under 8 U.S.C. Section 1326.

3  **II.**

4  **MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

5       Mr. Garcia-Santiago requests the following discovery.  His request is not limited

6  to those items of which the prosecutor is aware.  It includes all discovery listed below

7  that is in the custody, control, care, or knowledge of any "closely related investigative [or

8  other] agencies."  See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

9       (1)  Brady Information.  The defendant requests all documents, statements, agents'

10  reports, and tangible evidence favorable to the defendant on the issue of guilt and/or

11  which affects the credibility of the government's case.  Under Brady v. Maryland, 373

12  U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition

13  of evidence favorable to the accused.  United States v. Bagley, 473 U.S. 667 (1985);

14  United States v. Agurs, 427 U.S. 97 (1976).

15       (2)  Any Proposed 404(b) Evidence.  The government must produce evidence of

16  prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior

17  convictions which would be used to impeach as noted in Fed. R. Crim. P. 609.  In

18  addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . .

19  shall provide reasonable notice in advance of trial . . . of the general nature" of any

20  evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The

21  defendant requests notice two weeks before trial to give the defense time to investigate

22  and prepare for trial.

23       (3)  Request for Preservation of Evidence.  The defendant requests the

24  preservation of all physical evidence that may be destroyed, lost, or otherwise put out of

25  the possession, custody, or care of the government and which relate to the arrest or the

26  events leading to the arrest in this case.  This request includes, but is not limited to, the

27

28                                         2                           07cr3275

1  results of any fingerprint analysis, the defendant's personal effects, and any evidence

2  seized from the defendant or any third party.

3    (4)  Defendant's Statements.  The defendant requests disclosure and production of

4  all statements made by the defendant.  This request includes, but is not limited to, the

5  substance of any oral statement made by the defendant, Fed. R. Crim. P. 16(a)(1)(A), and

6  any written or recorded statement made by the defendant.  Fed. R. Crim. P.

7  16(a)(1)(B)(i)-(iii).

8    (5)  Tangible Objects.  The defendant seeks to inspect and copy as well as test, if

9  necessary, all other documents and tangible objects, including photographs, books,

10  papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are

11  material to the defense or intended for use in the government's case-in-chief or were

12  obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(E).

13    (6)  Expert Witnesses.  The defendant requests the name, qualifications, and a

14  written summary of the testimony of any person that the government intends to call as an

15  expert witness during its case in chief.  Fed. R. Crim. P. 16(a)(1)(G).

16    (7)  Witness Addresses.  The defendant requests access to the government's

17  witnesses.  Counsel requests a witness list and contact phone numbers for each

18  prospective government witness.  Counsel also requests the names and contact numbers

19  for witnesses to the crime or crimes charged (or any of the overt acts committed in

20  furtherance thereof) who will not be called as government witnesses.

21    (8)  Jencks Act Material.  The defendant requests production in advance of trial of

22  material discoverable under  the Jencks Act, 18 U.S.C. § 3500.  Advance production will

23  avoid needless delays at pretrial hearings and at trial.  This request includes any "rough"

24  notes taken by the agents in this case.  This request also includes production of transcripts

25  of the testimony of any witness before the grand jury.  See 18 U.S.C. § 3500(e)(1)-(3).

26    (9)  Informants and Cooperating Witnesses.  The defendant requests disclosure of

27

28                                            3                                07cr3275

1  the name(s), address(es), and location(s) of all informants or cooperating witnesses used

2  or to be used in this case, and in particular, disclosure of any informant who was a

3  percipient witness in this case or otherwise participated in the crime charged. <u>Roviaro v.</u>

4  <u>United States</u>, 353 U.S. 52, 61-62 (1957). The government must disclose any information

5  derived from informants which exculpates or tends to exculpate the defendant. <u>Brady v.</u>

6  <u>Maryland</u>, 373 U.S. 83 (1963). The government must disclose any information indicating

7  bias on the part of any informant or cooperating witness. <u>Id.</u>

8      (10) **Specific Request**. Mr. Garcia-Santiago specifically requests the opportunity

9  to view his "A-File."

10     (11) <u>Residual Request</u>. The defendant intends by this discovery motion to invoke

11  his rights to discovery to the fullest extent possible under the Federal Rules of Criminal

12  Procedure and the Constitution and laws of the United States.

13                                  **III.**

14                  **<u>LEAVE TO FILE FURTHER MOTIONS</u>**

15     Mr. Garcia-Santiago and defense counsel have received approximately 41 pages of

16  discovery in this case. As new information surfaces – via further discovery provided by

17  government, defense investigation, or an order of this court – the defense may need to file

18  further motions, or to supplement existing motions. Defense counsel requests leave to

19  file further motions.

20                                  **IV.**

21                          **<u>CONCLUSION</u>**

22     Mr. Garcia-Santiago requests that this Court grant his motions.

23

24                          Respectfully submitted,

25                          *//s//   Zandra L. Lopez*
                          _____

26  Dated: January 18, 2008          **ZANDRA L. LOPEZ**
                                  Attorney for Mr. Garcia-Santiago

27

28                              4                          07cr3275